# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **RENE F. HERNANDEZ**, #231810, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 2272 |
| ) | |
| **I.C.E.**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Rene Hernandez ("Hernandez") is a prisoner at the Putnamville Correctional Center in Putnam County, Indiana. According to the Indiana Department of Corrections website Hernandez is serving an eight-year state sentence for cocaine distribution, but this pro se action by him does not challenge that state conviction. Instead Hernandez explains that the Department of Homeland Security, U.S. Immigration and Customs Enforcement ("ICE") has lodged a detainer with his prison.

According to Hernandez's self-prepared Complaint, which he has tendered on the Clerk's-Office-supplied form of Complaint fashioned for use by prisoners bringing civil rights lawsuits -- either 42 U.S.C. § 1983 ("Section 1983") or Bivens actions -- that claim violations of their federal constitutional rights, he wishes to remain in the United States instead of being removed to Mexico. To that end he wants to quash the detainer in hopes of avoiding being turned over to ICE, and for that purpose he has named as defendants ICE, the "Immigration Department" and the United States Government.

Under 8 U.S.C. § 1357(d), ICE is authorized to place a detainer on an alien who violates federal, state or local controlled substance laws. Such a detainer notifies Hernandez's prison that it should communicate with ICE before his scheduled release so that ICE can take Hernandez into custody for immigration purposes (see, e.g., Hall v. Clarke, No. 14-CV-1538, 2015 WL 365561, at *1 (E.D. Wis. Jan. 27, 2015). As that description indicates, the detainer is a not a criminal warrant -- instead it is simply a request asking for the prison to hold the alien for up to 48 hours (not including weekends and holidays) beyond the time he or she would otherwise have been released (Buquer v. City of Indianapolis, No. 11-CV-708-SEB-MJD, 2013 WL 1332158, at *3 (S.D. Ind. Mar. 28, 2013), citing 8 C.F.R. § 287.7(a)).

As a threshold matter this Court must consider whether Hernandez's suit is properly brought as a civil rights action (as he has filed it), or whether it is instead a habeas corpus petition under 28 U.S.C. § 2241 ("Section 2241"). On that score a prisoner must bring a habeas action when he or she seeks immediate or speedier release from custody (Skinner v. Switzer, 562 U.S. 521, 525, 533 (2011), reconfirming Wilkinson v. Dotson, 544 U.S. 74, 79-82 (2005)). Conversely, if the inmate is seeking a court order that does not automatically imply that his or her custody is invalid, the claim should be brought as a civil rights lawsuit (Skinner, 562 U.S. at 534).

Here Hernandez's requested relief meets the requirements for a habeas petition. At this point he faces not only his eight year prison sentence on his state conviction but also the prospect of the earlier-described additional period while the state prison officials may hold him pursuant to the detainer. Hernandez now sues to eliminate that additional detainer period, hoping to avoid ICE and to stay in the United States. As Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) puts it succinctly:

> If a prisoner is seeking what can fairly be described as a quantum change in the
> level of custody . . . then habeas corpus is his remedy.

Hernandez's prayer for relief fits comfortably under that habeas corpus rubric (Vargas v. Swan, 854 F.2d 1028, 1030-31 & n.1 (7th Cir. 1988)).[1]

That however is not the end of the matter, for it will be remembered that Hernandez employed this District Court's form of civil rights Complaint, and this Court is required to evaluate the case as Hernandez labeled it (Glaus v. Anderson, 408 F.3d 382, 388-89 (7th Cir. 2005)). So this is a civil rights case because Hernandez used the civil rights form.[2]

It is true that a District Court can convert a mislabeled complaint into a habeas corpus petition "[i]f the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief . . . so long as [the court] warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint" (Glaus, 408 F.3d at 389). But here the case is not "amenable to conversion," because Hernandez has also picked the wrong venue for his case -- on that score Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) teaches that the sole appropriate venue for a habeas petition is the judicial district where a prisoner is detained (and just last year Webster v. Daniels, 784 F.3d 1123, 1144 (7th Cir. 2015) (en banc) applied that principle in a Section 2241

---

[1] Although some other circuits have taken the different view that the nature of a detainer as a request rather than an actual hold causes it to fall short of "custody" and hence does not suffice for jurisdiction to support a habeas petition, this Court is of course duty bound to follow Vargas' lead.

[2] Another noted Illinois jurist, Abraham Lincoln, would no doubt have reached a different result than the one stated in the text. It will be recalled that this is one of the aphorisms traditionally attributed to Lincoln:

> If you call a tail a leg, how many legs has a dog? Five? No,
> calling a tail a leg don't make it a leg.

habeas context). And as stated earlier, Hernandez is being held in Putnam County, located in the Southern District of Indiana, Terre Haute Division (28 U.S.C. § 94(b)(2)).

As the final nail in the jurisdictional coffin that buries this case in this Northern District of Illinois, this Court has no power to transfer the case to another federal district (<u>Webster</u>, 784 F.3d at 1145). In sum, the only permissible result here is to dismiss this action without prejudice (<u>Glaus</u>, 408 F.3d at 389).

## **Conclusion**

For the reasons stated in this opinion, Hernandez's Complaint (Dkt. No. 1) and this action are dismissed without prejudice, while his application for in forma pauperis status (Dkt. No. 3) is denied as moot -- and in accordance with the directive in <u>Glaus</u>, 408 F.3d at 389, Hernandez is advised that such dismissal is <u>not</u> a decision on the merits. Hence he may bring a new lawsuit as a habeas corpus petition in the United States District Court for the Southern District of Indiana, Terre Haute Division. Finally, as <u>Glaus</u>, <u>id.</u> instructs, Hernandez is warned that if he were to choose instead to pursue a <u>Bivens</u> claim or a Section 1983 remedy, an unfavorable ruling might count toward the three free civil rights claims that 28 U.S.C. § 1915(g) allows him.

                                                                                        _____
                                                                                        Milton I. Shadur
                                                                                        Senior United States District Judge

Date: February 25, 2016